UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT DURANT | CIVIL ACTION NO. |
| | 3:18-cv-00431-VAB |
| Plaintiff, | |
| v. | |
| YALE UNIVERSITY | |
| Defendant. | |
| | JULY 13, 2018 |

**MOTION FOR A MORE DEFINITE STATEMENT**

Pursuant to Fed. R. Civ. P. 12(e), the defendant, Yale University (the "University"), hereby moves for a more definite statement as to the claimed causes of action set forth in the plaintiff's Complaint dated March 12, 2018. The University's motion should be granted because the plaintiff's Complaint is so excessively vague and ambiguous as to prejudice the University seriously in attempting to answer it.

**I.   Background**

The plaintiff, Robert Durant, filed his *pro se* Complaint on March 12, 2018. The plaintiff asserts that his action is brought for discrimination in

employment pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17. *See* Doc. No. 1, at p. 3. The plaintiff does not, however, assert that his action is brought for discrimination in employment pursuant to any relevant state law, despite citing to Connecticut state law statutes in his "affidavit."[1] *See Id.* at pp. 3 and 6. Indeed, the plaintiff left the box for "Relevant state law" unmarked. *See Id.* at p. 3.

Later in the Complaint, under section III-A, the plaintiff states that the discriminatory conduct of which he complains in this action includes: (1) retaliation and (2) other acts. *See Id.* at p. 7. When the *pro se* complaint form prompts the plaintiff to specify what "other acts" the plaintiff complains of in this action, the plaintiff left the space blank. *See Id.* Accordingly, at this point, the plaintiff has only explicitly asserted a Title VII retaliation claim.

The plaintiff then attached a copy of his CHRO affidavit in response to section III-E of the Complaint, which requires the plaintiff to state the facts of his case. *See Id.* at pp. 4-7. In paragraphs 25 through 28 of his affidavit, the plaintiff alleges facts alluding to a Title VII hostile work environment claim, a

---

[1] While the document is titled "Affidavit of Robert Durant," it is not a true affidavit. The document is neither signed nor notarized. However, for the purposes of this brief the University will continue to refer to the document as an affidavit because of its title. This affidavit is identical to the affidavit the plaintiff filed with his CHRO complaint.

2

Title VII discrimination claim, a Title VII retaliation claim, various violations of C.G.S. § 46a-60 and a claim for emotional distress. *See Id.* at p. 6. These claims, however, are not specifically listed or referenced anywhere else in the Complaint. Contrarily, the plaintiff has specifically left blank certain spaces and boxes meant to indicate that the plaintiff intends to bring forth any state law and/or emotional distress claims. *See Id.* at pp. 3 and 7. As such, the University cannot discern what claims the plaintiff intends to bring, much less determine whether certain of them—e.g., claims for infliction of emotional distress—might be subject to dismissal.

## II.  Legal Standard

"For a more definite statement to be warranted, the complaint must be so excessively vague and ambiguous as to be unintelligible and . . . prejudice the defendant seriously in attempting to answer it." *Kuklachev v. Gelfman*, 600 F. Supp. 2d 437, 456 (E.D.N.Y. 2009) (internal quotation marks and citations omitted). A motion for a more definite statement will be granted when the complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." *Allstate Ins. Co. v. Seigel*, 312 F. Supp. 2d 260, 277 (D. Conn. 2004) (J. *Arterton*) (citations omitted).

3

Further, when a complaint alludes to a cause of action for emotional distress, yet does not explicitly allege such a claim or any other state law cause of action, a motion for a more definite statement is warranted. *See Wallett v. Anderson*, 198 F.R.D. 20, 24–25 (D. Conn. 2000) (J. *Covello*).

### III. Argument

The University acknowledges, as it must, that motions for more definite statements are "generally disfavored" and that the Court will not "tamper with the pleadings unless there is a strong reason for doing so." *Liberty Mutual Insurance Company v. Howmet Casting & Services, Inc.*, No. 3:15-CV-01408-VAB, 2016 WL 5661999, at *2 (D. Conn. Sept. 29, 2018) (J. *Bolden*) (citing *Lipsky v. Commonwealth United Corp.*, 551 F. 2d 887, 898 (2d Cir. 1976)). The patent ambiguities in the plaintiff's Complaint, however, warrant this Motion. The University is unable to respond properly to the plaintiff's Complaint as written because it is entirely unclear what claims the plaintiff is bringing against the University. Indeed, the Complaint contains multiple ambiguities.

While it is clear that the plaintiff intended to bring a Title VII retaliation claim, it is ambiguous whether the plaintiff intended to bring forth any state law claims and/or a claim for emotional distress. Again, the plaintiff

contradicted himself in the Complaint when he specifically left blank the box for "Relevant state law" and later referenced C.G.S. § 46a-60 in his attached affidavit. *See* Doc. No. 1, at pp. 3 and 6. The plaintiff also created an ambiguity when he asserted that the discriminatory conduct he is alleging consists of retaliation and "other acts," while neglecting to elaborate on the other acts as required by the form. *See Id.* at p. 7.

Finally, at the center of these ambiguities is the plaintiff's CHRO affidavit, which alludes to a Title VII hostile work environment claim, a Title VII discrimination claim, various violations of C.G.S. 46a-60 and a claim for emotional distress, all of which are missing from the rest of the Complaint. The allusion to a claim for emotional distress can be found in paragraph 28 of the plaintiff's CHRO affidavit.[2] *See* Doc. No. 1, at p. 6. In *Wallett,* the Court made clear that a motion for a more definite statement should be granted when a complaint alludes "to a cause of action for emotional distress . . . [but] simply does not allege such a claim or any other state law cause of action." *Wallett, supra,* 198 F.R.D. at 25. This case is similar to *Wallett* in this material respect. Here, the plaintiff has merely alluded to a claim of emotional distress, but has

---

[2] Paragraph 28 of the plaintiff's CHRO affidavit states "Respondent's conduct has caused me severe emotional distress." *See* Doc. No. 1, at p. 6.

not alleged such a claim or any other state law cause of action in the Complaint. Therefore, it is clear that a more definite statement is appropriate in this case.

The University is clearly prejudiced by the Complaint's various ambiguities because it cannot appropriately respond to the plaintiff's allegations unless and until the plaintiff specifies what his claims are. The University cannot properly determine whether it has bases to move to dismiss the plaintiff's claims if it is unclear exactly what claims the plaintiff has brought. Similarly, the defendant cannot be expected to answer any such claims. Absent additional clarification and a more definite statement from the plaintiff, the University cannot reasonably be required to frame any form of responsive pleading.

Accordingly, this Court should order the plaintiff to provide a more definite statement of his claims clarifying which claims he intends to bring against the University, including, but not limited to, whether the plaintiff intends to assert a Title VII hostile work environment claim, a Title VII discrimination claim, a Title VII retaliation claim, any claims regarding violations of C.G.S. § 49a-60 and/or a claim for emotional distress.

the defendant's first motion for extension of time to respond to the Complaint, and this matter has not been scheduled for trial.

THE DEFENDANT

By: _____
Kevin C. Shea ct13781
Clendenen & Shea, LLC
400 Orange St.
New Haven, CT 06511
203/787-1183

CERTIFICATION:

This is to certify that a copy of the foregoing was mailed, postage prepaid, to Robert Durant, 198 Putnam Street, New Haven, Connecticut 06519 on this 13th day of July 2018.

_____
CLENDENEN & SHEA, LLC