UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT DURANT | CIVIL ACTION NO. |
| | 3:18-cv-00431-VAB |
| Plaintiff, | |
| v. | |
| YALE UNIVERSITY | |
| Defendant. | |
| | AUGUST 27, 2018 |

**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and Local Civil Rule 16, undersigned counsel for the University and the *pro se* plaintiff conferred on or about June 26, 2018, and various dates thereafter. The participants were the plaintiff, Robert Durant, and Kevin C. Shea for the defendant.

I. CERTIFICATION:

Undersigned counsel and plaintiff certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel for the defendant further certifies that he has forwarded a copy of this report to his client.

II. JURISDICTION:

    A. SUBJECT MATTER JURISDICTION:

The plaintiff, in his complaint, alleges that the basis for the court's subject matter jurisdiction is Sections 1331 and 1367 of Title 28 of the United States Code.

    B. PERSONAL JURISDICTION:

Personal jurisdiction is not contested.

III. BRIEF DESCRIPTION OF CASE:

    A. CLAIMS OF PLAINTIFF:

The plaintiff brings forth a claim of discrimination, on the basis of his race. He claims he was treated differently, harassed and held to a different standard as compared to his Caucasian peers. He claims he suffered adversity, loss of training and loss of overtime hours on that basis.

    B. DEFENSES AND CLAIMS:

The defendant generally denies the legal and factual bases for the plaintiff's claims and responded to the plaintiff's complaint on July 13, 2018, when it filed its Motion for a More Definite Statement. The defendant will further respond to the plaintiff's Complaint within fourteen (14) days after the Court rules on the defendant's Motion for a More Definite Statement.

IV. STATEMENT OF UNDISPUTED FACTS:

Counsel and plaintiff certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that currently there are no material facts that are undisputed.

V. CASE MANAGEMENT PLAN:

    A. STANDING ORDER ON SCHEDULING IN CIVIL CASES:

The parties request a modification of the deadlines in the Standing Order On Scheduling In Civil Cases as follows:

| | |
|---|---|
| Response to Complaint: | The defendant responded to the plaintiff's Complaint with a Motion for a More Definite Statement filed on July 13, 2018. See Doc. No. 11. The defendant will further respond to the plaintiff's Complaint fourteen within (14) days after the Court rules on the defendant's Motion for a More Definite Statement. |
| Close of Fact Discovery: | May 10, 2019 |
| Close of Expert Discovery: | May 10, 2019 |
| Motions for Summary Judgment: | June 28, 2019 |

    B. SCHEDULING CONFERENCE WITH THE COURT:

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

    C. EARLY SETTLEMENT CONFERENCE:

    1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

    2. The plaintiff requests an early settlement conference.

    3. The parties prefer a settlement conference with a United States Magistrate Judge.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D. JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS:

The parties do not presently contemplate the joinder of additional parties. The parties reserve the right to amend the pleadings and/or join additional parties.

E. DISCOVERY:

1. The parties anticipate that discovery will be needed on the following subjects: All of the plaintiff's claims, all of the affirmative allegations of the defense, prior history of the parties and damages.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced immediately, and completed by May 10, 2019.

3. Discovery will not be conducted in phases.

4. The parties anticipate that the plaintiff will require a total of five depositions of fact witnesses and the defendant will require a total of five depositions of fact witnesses. The depositions will commence immediately, and be completed by May 10, 2019.

5. The parties may request permission to serve more than twenty-five interrogatories.

6. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by November 21, 2018, a date not later than three months before the deadline

for completing all discovery. Depositions of any such experts will be completed by February 22, 2019, a date not later than two months before the deadline for completing all discovery.

7. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by April 5, 2019, a date not later than one month before the deadline for completing all discovery. Depositions of such experts will be completed by May 10, 2019, a date not later than the deadline for completing all discovery.

8. A damages analysis will be provided by any party who has a claim or counterclaim for damages by August 31, 2018.

9. The undersigned counsel and plaintiff have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information: The parties shall attempt to produce electronically stored information, if any, in hard copy. Should a party determine that it would be too burdensome to produce documents in hard copy, the parties will meet and confer regarding a mutually agreeable method of production. The parties will bear their own costs for

production.  The parties agree to preserve electronically stored records (as they may exist) retroactive to the date of the first event alleged in the Complaint. Both sides agree to instruct the parties to preserve these records.

   10. The undersigned counsel and plaintiff have discussed discovery procedures that minimize the risk of waiver of privileged or work-product protection, including procedures for asserting privilege claims after production.  The parties agree to utilize the privilege log permitted by Fed. R. Civ. P. 37, which will be submitted in accordance with that rule's terms and conditions and exceptions noted therein.  The parties further agree to work with each other in good faith to avoid any discovery dispute.  In the event that any information that is privileged or subject to work-product protection is disclosed, the party to whom the information is disclosed agrees not to review the information after the privilege or work-product protection is asserted and further agrees to not duplicate that information and/or disclose it and to promptly return such information to the disclosing party upon request.

F. DISPOSITIVE MOTIONS:

Dispositive motions will be filed on or before June 28, 2019.

G. JOINT TRIAL MEMORANDUM:

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by July 26, 2019, or thirty days after this court rules on any summary judgment motion filed by the defendant, whichever is later.

IV. TRIAL READINESS:

The case will be ready for trial by August 26, 2019, or thirty days after the joint trial memorandum is filed, whichever is later.

As an officer of the Court, undersigned counsel for the University agrees to cooperate with the plaintiff and the Court to promote the just, speedy and inexpensive determination of this action.

THE PLAINTIFF

By: __/s/_____
Robert Durant
198 Putnam Street
New Haven, CT 06519
Tel: 203-392-4670

THE DEFENDANT

By: _____
Kevin C. Shea (ct408798)
Clendenen & Shea, LLC
400 Orange St.
New Haven, CT 06511
Tel: 203/787-1183
Fax: 203/787-2847