UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT DURANT | : | CIVIL ACTION NO. |
| | : | 3:18-cv-00431-VAB |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | JANUARY 4, 2019 |

## ANSWER AND DEFENSES

The defendant, Yale University ("University"), hereby respectfully files its Answer and Defenses to plaintiff's Amended Complaint ("Complaint") filed on December 20, 2018, including the Affidavit filed with his original complaint dated March 12, 2018 and incorporated therein by reference. Unless specifically admitted herein, the allegations in the Complaint are denied.

1. The University admits that the plaintiff is over the age of 18. The defendant is otherwise without knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 1 and so denies the same and leaves the plaintiff to his proof.

2. The University denies the allegations in paragraph 2.

3. The University is without knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 3 and so denies the same and leaves the plaintiff to his proof.

4. The University denies the allegations in paragraph 4, except to admit that the University is a specially chartered corporation organized and existing under and by virtue of a charter granted by the Colony and the State of Connecticut, and is a co-educational university and not-for-profit corporation with a principal place of business in New Haven, Connecticut.

5. The University denies the allegations in paragraph 5, except to admit that the plaintiff is an African-American male.

6-7. The University denies the allegations in paragraphs 6 and 7 as framed.

8-9. The University admits the allegations in paragraphs 8 and 9.

10. The University denies the allegations in paragraph 10, except to admit that the plaintiff's position has been reclassified twice as the result of job audits in 2003 and 2009.

11. The University denies the allegations in paragraph 11 as framed, except to refer to the University's job description and requirements for an Animal Technician IV, which speak for themselves, for a more complete and accurate statement of the primary job functions.

12. The University denies the allegations in paragraph 12 as framed, except to admit that the plaintiff, like all clerical and technical workers at the University, receive annual pay increases pursuant to a collective bargaining agreements, and such increases are not related to performance.

13. The University admits that Ms. Bonk became the plaintiff's supervisor in February 2013.

14-16. The University denies the allegations in paragraphs 14, 15 and 16.

17. The University denies the allegations in paragraph 17, except to admit that Mr. Aucoin met with the plaintiff in February 2016; that a follow-up meeting was scheduled for March 2016; and that the plaintiff raised a number of claimed issues, including minor safety issues, most of which had already been addressed.

18-19.    The University denies the allegations in paragraphs 18 and 19.

20.    The University denies the allegations in paragraph 20, except to admit that Mr. Aucoin met with the plaintiff again in March 2016 as a follow-up to their February 2016 meeting.

21.    The University denies the allegations in paragraph 21.

22.    The University denies the allegations in paragraph 22, except to admit that the plaintiff worked an overtime shift on August 24, 2016 and that a white male colleague of the plaintiff also worked overtime on that date.

23-28.    The University denies the allegations in paragraphs 23, 24, 25, 26, 27 and 28.

## **AFFIRMATIVE AND OTHER DEFENSES**

FIRST DEFENSE

Some or all of the claims alleged in the Complaint fail to state claims upon which relief may be granted.

SECOND DEFENSE

The plaintiff has not been deprived of any right, privilege or immunity secured to him by the United States Constitution or any Act of Congress.

THIRD DEFENSE

The plaintiff failed to mitigate his damages, if any, as to which liability is expressly denied.

FOURTH DEFENSE

The defendant acted in good faith and for legitimate, non-discriminatory, non-retaliatory business reasons at all relevant times.

FIFTH DEFENSE

The defendant would have taken the same actions with respect to the plaintiff without regard to the plaintiff's race, ethnicity or history of engaging in purported protected activities.

### SIXTH DEFENSE

To the extent that the plaintiff's allegations concern incidents and/or claims not timely brought before the Equal Employment Opportunities Commission and/or the Connecticut Commission on Human Rights and Opportunities, the plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### SEVENTH DEFENSE

At all times materially relevant hereto, the defendant exercised reasonable care to prevent and correct promptly any alleged harassing or retaliatory behavior, and the plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by the defendant or to avoid harm otherwise.

### EIGHTH DEFENSE

Damages, if any, were the result of the sole negligence or other behavior of the plaintiff.

NINTH DEFENSE

The defendant denies that the plaintiff is entitled to any compensatory damages, costs, fees or equitable relief, and expressly denies any bases for the award of punitive damages.

TENTH DEFENSE

At all times materially relevant hereto, the alleged harassing conduct was not committed by any persons empowered by the employer to take the claimed tangible employment actions against the plaintiff, and the plaintiff has not incurred an adverse tangible employment action as a result of this alleged conduct.

ELEVENTH DEFENSE

The defendant is not vicariously liable as the alleged harasser and/or harassers are not indisputably within the class of the defendant's organization whom may be treated as the organization's proxy.

TWELFTH DEFENSE

Some or all of the plaintiff's claims are barred in whole or in part by the applicable statute of limitations and/or the doctrine of laches.

## PRAYER

Accordingly, the defendant respectfully requests that the plaintiff take nothing by this suit, and that the defendant be, in all things, discharged and goes hence without delay, and with its costs of suit, and such other further relief, in law or equity, to which it may be justly entitled.

## DEMAND FOR TRIAL BY JURY

The defendant demands trial by jury.

THE DEFENDANT,
YALE UNIVERSITY

By: _____
Kevin C. Shea ct13781
Clendenen & Shea, LLC
400 Orange St.
New Haven, CT 06511
203/787-1183

CERTIFICATION:

This is to certify that a copy of the foregoing has been sent to all required notification parties via electronic notification, on this 4th day of January 2019.

_____
CLENDENEN & SHEA, LLC